# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-00377 JMB |
| ) | |
| THE DEPARTMENT OF SOCIAL ) | |
| SERVICES, ) | |
| ) | |
| Defendant. | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Sidney Keys' motion to proceed in forma pauperis. [ECF No. 3]. Having reviewed the motion and the financial information provided therein, the Court will grant the motion and allow plaintiff to proceed in forma pauperis in this matter. Nevertheless, the Court will dismiss this action without prejudice for the reasons discussed below.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff has filed numerous lawsuits in this Court. In the past month, he has filed twelve (12) new cases in this district. The present action arises from his disagreement with the decision of the Missouri Department of Children and Family Services to garnish his Social Security and Postal Service disability benefits to pay back child support. [ECF No. 1]. He asserts that "the State of Missouri never did a DNA test on myself Sidney Keys, Sr. to in fact determine if I was the true biological father of Kim's son in 1991" prior to instituting garnishment proceedings for back child support. Plaintiff has, however, attached a copy of the state court judgment making a paternity finding against plaintiff as of April 27, 2016. *See Jackson v. Keys*, No. 15SL-DR-5495 (21ˢᵗ Jud. Cir., St. Louis County Court). The judgment also assesses child support against plaintiff in the same order. *Id*.

**Discussion**

Since the Supreme Court's decision in *Barber v. Barber*, 62 U.S. 582, 584 (1858), federal courts have disclaimed jurisdiction over cases involving domestic relations. *See Wallace v. Wallace,* 736 F.3d 764, 766 (8th Cir. 2013); *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994); *see also Frawley v. Schutt*, 2021 WL 5415326, at *6 (E.D. Mo. Feb. 19, 2021) ("Family law matters are state law matters and only in extremely rare circumstances would a federal court have jurisdiction."). In *Khan*, the Eighth Circuit recognized that "[t]he domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." 21 F.3d at 861. Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*. Here, although plaintiff drafted his complaint to allege federal civil rights violations, his claims are "inextricably intertwined" with state court determinations of custody and visitation rights concerning his minor children. *Id.* (Plaintiff's claims, "although drafted to sound in tort, are so inextricably intertwined with those issues subject to the parties' previously adjudicated dissolution proceeding" in state court, that "we hold that the domestic relations exception . . . applies.").

Packaging his concerns as civil rights violations does not change the fact that plaintiff is asking this Court to hold that the outcome of the state court proceeding, *i.e.,* the assessment of child support, involved state domestic relations. "The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law," and federal "[c]ourts may not resolve child custody questions . . . even if there is an allegation of a constitutional violation." *Frawley*, 2021 WL 5415326 at *6 (quoting *Quinn v. Kibodeaux*, 2020 WL 6701457 at *1 (D. Idaho Nov. 13, 2020)). Because plaintiff's claims are "inextricably intertwined" with the

3

underlying state family law action, the Court will abstain from exercising jurisdiction over his claims. *See Kahn*, 21 F.3d at 860 n.1 ("Courts generally use abstention in the context of a dispute relating to domestic relations when the controversy does not fall within the exact purview of divorce, alimony, or child custody but instead is closely related.").

Additionally, to the extent plaintiff's claims could be construed as asking this Court to determine that certain state court decisions relating to custody, or the assessment of child support were incorrect, this Court lacks subject matter jurisdiction to engage in appellate review of state court decisions. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Except for habeas cases, "review of state court decisions may be had only in the Supreme Court." *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE